**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANGEL JESUS ROJAS-PALOMINO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:26-CV-551-ADA-DH** |
| | § | |
| **PAMELA BONDI, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Angel Jesus Rojas-Palomino's ("Petitioner") Petition for Writ of Habeas Corpus under 26 U.S.C. § 2241, filed on March 5, 2026. Dkt. No. 1. On March 11, 2026, this Court ordered the Federal Respondents to show cause as to why the petition should not be granted. Dkt. No. 3. Respondents filed their response on March 12, 2026—specifically arguing that Petitioner's Petition should be denied for the independent reason that he is subject to mandatory detention under the Laken Riley Act pursuant to 8 U.S.C. § 1226(c). Dkt. No. 4. Respondents also addressed the remainder of Petitioner's arguments resting on constitutional grounds. Petitioner filed a Reply on March 20, 2026. Dkt. 5. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's Petition for Writ of Habeas Corpus should be denied.

The Fifth Circuit has rejected Petitioner's statutory argument in *Buenrostro-Mendez v. Bondi*, which is binding precedent on this Court. 166 F.4th 494 (5th Cir. 2026). The Court finds it

is bound by the Fifth Circuit's recent decision in *Buenrostro-Mendez* and that Petitioner is lawfully detained under § 1225 rather than § 1226.[1]

The Court has likewise denied similar habeas relief on constitutional grounds, as well as challenges brought under the Administrative Procedure Act. *See Hernandez v. Collins, et al.*, No. 1:26-CV-00289-ADA-ML (W.D. Tex. Mar. 9, 2026). The Court incorporates by reference its prior analysis denying habeas relief in *Hernandez.* For the reasons stated previously and incorporated herein, the Court finds that Petitioner's requested relief should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED.** All other requested relief is hereby denied.

**SIGNED** on April 7, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it would independently deny the habeas petition based on Petitioner's mandatory detention under the Laken Riley Act. The Court is not persuaded by Petitioner's argument that Travis County's decision not to prosecute makes the Laken Riley Act inapplicable. The Court agrees with Respondents that Petitioner's arrest for theft would also make him subject to mandatory detention independently of the statutory grounds discussed by the Fifth Circuit.